### Joseph Counter *vs.* George B. Couch.

In an action to recover damages for an injury sustained from a collision upon a highway, the plaintiff must prove that he was in the exercise of ordinary care at the time, although the defendant was travelling with a horse and sleigh, without having three bells attached to any part of the harness.

Tort to recover damages for an injury sustained from a collision upon a highway.

At the trial in the superior court, before *Morton,* J., it appeared that the plaintiff, a boy of less than twelve years old, was running in the road a short distance behind a horse and sleigh, which met and turned out for the defendant, who was coming from the opposite direction with a horse and sleigh, and very soon afterwards the defendant came into collision with the plaintiff. Two bells were attached to the defendant's harness, and two others to his sleigh. The plaintiff requested the court

to instruct the jury that the defendant, not having three bells attached to any part of his harness, as required by Gen. Sts. *c.* 77, § 3, was illegally travelling upon the highway; that therefore the plaintiff need not prove that the defendant was not in the exercise of ordinary care, or that he himself was in the exercise of ordinary care; and that the plaintiff could recover for the injury sustained by him from the collision, unless he wilfully caused himself to be run over. The judge declined so to rule, and instructed the jury that the burden of proof was on the plaintiff to show that he was, and that the defendant was not, in the exercise of ordinary care and diligence; that the injury must have been caused solely by the negligence of the defendant; that the omission to have the requisite number of bells attached to the harness was negligence, and that, if the injury resulted therefrom, without fault on the part of the plaintiff, the defendant would be liable.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. E. Field,* for the plaintiff.

*M. Wilcox,* for the defendant.

METCALF, J. There is no legal ground for the support of these exceptions. It is too plain and well established to require the citation of authorities, that the jury were correctly instructed that the burden of proof was on the plaintiff to show that he was in the exercise of ordinary care, that is, reasonable care, when he was injured, and that his injury was caused solely by the defendant's negligence. Even if the defendant, by neglecting to attach three bells to some part of his horse's harness, incurred a penalty of twenty dollars, under the Gen. Sts. *c.* 77, § 4, and thus rendered himself liable to the plaintiff for all damages sustained by him " by reason of such offence," he certainly did not, by that neglect, render himself liable for the injury inflicted on the plaintiff, unless that injury was caused solely by that neglect. *Kidder* v. *Dunstable,* 11 Gray, 342.

*Exceptions overruled.*